STIEFEL v. NEW YORK NOVELTY CO. et al.

(Supreme Court, Appellate Division, First Department. December 22, 1896.)

1. APPEAL—REVIEW—NECESSITY FOR EXCEPTION.
   Where the record shows that no exception was filed to the decision below, as required by Code, § 1022, the appellate division cannot review the law or the facts.

2. SAME—LEAVE TO FILE EXCEPTION NUNC PRO TUNC.
   An appellant who has failed to take an exception to the decision below, as required by Code, § 1022, may be allowed to apply to the court below for leave to file it nunc pro tunc.

Appeal from special term, New York county.

Action by Mortimer Stiefel, as receiver of the New York Novelty Company, against the New York Novelty Company and others. From a judgment dismissing the complaint after the trial, plaintiff appeals. Decision on appeal suspended.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

E. J. Lauer, for appellant.
Benjamin Tuska and Edwin T. Taliaferro, for respondents.

PER CURIAM. It appearing upon an examination of the record that no exception has been filed to the decision, as provided for by section 1022 of the Code, this appellate division has no power to review any question of law or fact which might otherwise have been presented upon this record. This rule seems to be laid down by the court of appeals in the case of Otten v. Railway Co., 150 N. Y. 395, 44 N. E. 1033, in which the court holds that it is by virtue of this exception alone that the appellate division has power to review either the facts or the law in a case where the court or referee has filed a decision concisely stating the grounds upon which the issues have been decided. Under these circumstances we think that the appel-

lant should be allowed an opportunity to apply to the special term for leave to file such exception nunc pro tunc. The decision of this appeal should be suspended a sufficient length of time to enable the appellant to make such application.